UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JESSE TAYLOR,

                                    Plaintiff,

                                                                           DECISION AND ORDER

                                                                             11-CV-6083L

                  v.

BRIAN FISCHER,
Commissioner of NYSDOC., et al.,


                                    Defendants.
_____

      Plaintiff, Jesse Taylor, appearing *pro se*, filed this action under 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), has sued eight defendants, all of whom were at all relevant times employed by DOCCS, alleging that they violated his constitutional rights in connection with certain incidents in 2010, while plaintiff was confined at Five Points Correctional Facility. Defendants have moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

## BACKGROUND

      Plaintiff alleges that on July 17, 2010, he was working in the mess hall at Five Points, pursuant to his participation in the food service program at that facility. Apparently there was an "incident" of some kind, *see* Complaint ¶ 14, as a result of which plaintiff was escorted out of the mess hall, and charged with making a threat. Complaint ¶ 25.

A Tier III hearing was held on that charge, at the end of which plaintiff was found not guilty. Complaint ¶¶ 31-39. Plaintiff spent several days in the Special Housing Unit ("SHU") between the time that he was charged and the time that he was found not guilty.

Afterwards, plaintiff sought to return to the food service program, but that request was denied for "security reasons," based on a report that been issued in connection with the July 17 incident. Complaint ¶¶ 42, 87. Plaintiff was subsequently entered in the cabinet-making program at Five Points, although he was later removed from that program as well, as a result of a later disciplinary violation. Def. Rule 56 Stmt. (Dkt. #7). That later violation is not at issue in this lawsuit.

Based on these allegations, plaintiff has asserted three causes of action, although they encompass several different grounds for relief. The first alleges that plaintiff was "wrongfully confined, falsely imprisoned, [and] subjected to malicious prosecution." Complaint ¶ 68. The second alleges that defendants caused plaintiff to suffer emotional distress, that they failed to abide by applicable New York rules and regulations, and that they "retaliated against him for being found not guilty" on the misbehavior charge. Complaint ¶ 83. The third cause of action alleges that defendants Fischer, Lempke, and Zenzen were "negligent in failing to properly train and supervise subordinates and failed to correct or remedy wrong's [sic] once learned of." Plaintiff seeks $1.5 million in damages. Complaint ¶ 128.

**DISCUSSION**

**I. Official-Capacity Claims**

Plaintiff has sued all defendants both in their individual and official capacities. All claims in their official capacities are barred under the Eleventh Amendment to the United States Constitution.

Claims for damages against state employees in their official capacities are deemed claims against the state itself, and are barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Dube v. State Univ. of New York*, 900 F.2d 587, 594–95 (2d Cir. 1990); *Brown v. New York State DOCS*, 583 F.Supp.2d 404, 411 (W.D.N.Y. 2008). Since plaintiff seeks no relief other than money damages, all of his official-capacity claims must be dismissed.

**II. Constitutional Claims**

Plaintiff's claims of false arrest, malicious prosecution, and retaliation must likewise be dismissed. For one thing, "[t]he Second Circuit has held that the issuance of false misbehavior reports against an inmate by corrections officers is insufficient on its own to establish a denial of due process ... ." *Colantuono v. Hockeborn*, 801 F.Supp.2d 110, 116 (W.D.N.Y. 2011) (citing *Freeman v. Rideout*, 808 F.2d 949, 952 (2d Cir. 1986)) (internal quote omitted).

Second, where a prisoner's period of incarceration is not impacted by disciplinary proceedings, the inmate has no claim for false arrest or malicious prosecution under section 1983. *Colantuono*, 801 F.Supp.2d at 116 (citations omitted).

It appears here that the only repercussions from the charge against plaintiff were that he spent a few days in SHU and that he was not allowed to resume participation in the food service program. Neither of those consequences gives rise to a constitutional claim. *See id.*; *Rivera v. Lempke*, ___ F.Supp.2d ___, 2011 WL 4071987, at *2 (W.D.N.Y. 2011) ("The Second Circuit has held that absent unusual circumstances, SHU confinement of less than 101 days is not considered an 'atypical and severe hardship' giving rise to a constitutionally protected liberty interest") (citing *Ortiz v. McBride*, 380 F.3d 649, 654–55 (2d Cir. 2004)); *Crenshaw v. Hartman*, 681 F.Supp.2d 412, 414 (W.D.N.Y. 2010) ("It is well established that inmates have no right, constitutional or otherwise, to any particular job or assignment within a prison").

Third, plaintiff's retaliation claim fails because he does not alleged that he engaged in any constitutionally protected activity. In order to prevail on a claim of unconstitutional retaliation,

plaintiff must allege, and ultimately prove, that (1) he engaged in constitutionally protected speech or conduct, (2) defendants took adverse action against him, and (3) there was a causal connection between the protected activity and the adverse action. *Dawes v. Walker*, 239 F.3d 489, 492 (2d Cir. 2001), *overruled on other grounds*, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, (2002); *Medina v. Skowron*, ___ F.Supp.2d ___, 2011 WL 3734454, at *2 (W.D.N.Y. 2011).

Plaintiff alleges that defendants "retaliated against him for being found not guilty" of the "threat" charge, by refusing to allow him to return to the food service program. To state a retaliation claim under § 1983, however, plaintiff must show that defendants took some action against him in response to his own constitutionally or federally protected activity. *Abdur-Raheem v. Selsky*, ___ F.Supp.2d ___, 2011 WL 3235646, at *5 (W.D.N.Y. 2011) (citing *Friedl v. City of New York*, 210 F.3d 79, 85 (2d Cir. 2000)). Being found not guilty, however, is not protected activity, or for that matter, "activity" at all, on plaintiff's part.

In addition, even assuming the truth of plaintiff's allegations about defendants' motives concerning his removal from the food service program, defendants' "alleged actions ... are simply *de minimis* and fall outside the ambit of constitutional protection." *Ross v. Westchester County Jail*, No. 10 Civ. 3937, 2012 WL 86467, at *7 (S.D.N.Y. Jan. 11, 2012) (citing *Davis v. Goord*, 320 F.3d 346, 353 (2d Cir. 2003)).

Prisoners have no right to any particular prison job, and the removal of plaintiff from the food service program was not so adverse as to implicate any constitutional concerns, regardless of defendants' motivation, particularly since plaintiff was placed into a different job program thereafter. *See Crenshaw v. Herbert*, 445 F.Supp.2d 301, 303 n.1 (W.D.N.Y. 2006) (stating that defendants' removal of plaintiff from certain jobs "could fairly be characterized as *de minimis*," although finding it unnecessary to decide that question because plaintiff had failed to show issues of fact as to the causation element of his retaliation claim).

Finally, plaintiff has failed to show any issues of fact concerning defendants' alleged motivation. Even where inmate plaintiffs have engaged in protected activity, followed by some

adverse action, the Second Circuit has directed district courts to approach prisoner retaliation claims "with skepticism and particular care." *Dawes v. Walker*, 239 F.3d 489, 491 (2d Cir. 2001). It is all too easy for prisoners to fabricate such claims, *see Green v. Herbert*, 677 F.Supp.2d 633, 637 (W.D.N.Y. 2010), and plaintiff here has offered nothing but conclusory assertions to support his claim of retaliation.

Plaintiff's allegations that defendants failed to follow New York regulations and prescribed procedures with respect to the disciplinary charges against him also fail to support his § 1983 claims. Those alleged procedural violations do not implicate plaintiff's constitutional rights. *See Eleby v. Selsky*, 682 F.Supp.2d 289, 293 (W.D.N.Y. 2010) ("even if plaintiff could show a deviation from procedures called for under state law or DOCS regulations ..., '[f]ederal constitutional standards rather than state law define the requirements of procedural due process'") (quoting *Shell v. Brzezniak*, 365 F.Supp.2d 362, 376 (W.D.N.Y. 2005)).

Likewise, plaintiff's allegation that he suffered emotional distress as a result of defendants' actions does not give rise to a constitutional claim. *See Yeldon v. Ekpe*, 159 Fed.Appx. 314, 316 (2d Cir. 2005) (prisoner's allegations of emotional distress did not rise to level of constitutional violation); *Williams v. Dubray*, No. 09-CV-1298, 2011 WL 3236681, at *2 n.5 (N.D.N.Y. July 13, 2011) ("since an inmate cannot recover on the basis of emotional distress alone, and because Williams' conclusory allegations proffer nothing more than that, he has failed to state a cause of action on this ground").

Since I find no basis for plaintiff's substantive constitutional claims, it is unnecessary for the Court to consider plaintiff's claims against some of the defendants based on their alleged negligent failure to train or supervise their subordinates. Likewise, there is no need to address the argument advanced by some of the defendants that plaintiff has failed to allege their personal involvement in the alleged constitutional deprivations. Nevertheless, I note that plaintiff's claims against defendants Fischer, Lempke and Zenzen are subject to dismissal on these grounds as well. The mere fact that plaintiff's grievances over these matters were denied is not enough to establish those supervisory

defendants' liability, and his allegation that they failed to adequately train or supervise their subordinates is wholly conclusory and unsupported by evidence in the record.

## CONCLUSION

Defendants' motion for summary judgment (Dkt. #5) is granted, and the complaint is dismissed in its entirety.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
         January 19, 2012.